UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF MAD TOYZ III, LLC, AS TITLED OWNER OF AND FOR ONE 2018 38' STATEMENT 380 OPEN MOTORBOAT BEARING HULL IDENTIFICATION NUMBER STTEB112L718, HER ENGINES, TACKLE, AND APPURTENANCES, AND JEFFREY DAVID KNIGHT, AS OWNER *PRO HAC VICE* OF AND FOR ONE 2018 38' STATEMENT 380 OPEN MOTORBOAT BEARING HULL IDENTIFICATION NUMBER STTEB112L718, HER ENGINES, TACKLE, AND APPURTENANCES, FOR EXONERATION FROM OR LIMITATION OF LIABILITY,<br><br>                Petitioners. | CASE NO. |

## PETITION FOR EXONERATION
## FROM OR LIMITATION OF LIABILITY

COMES NOW the Limitation Petitioners MAD TOYZ III, LLC ("MAD TOYZ") as titled owner of and for one 2018 38' Statement 380 Open Motorboat bearing HIN STTEB112L718 ("Limitation Vessel") and JEFFREY DAVID KINGHT ("KNIGHT"), as owner *pro hac vice,* of and for one 2018 38' Statement 380 Open Motorboat bearing HIN STTEB112L718 (collectively, "Limitation Petitioners"), and files this Petition for Exoneration From or Limitation of Liability ("Petition"), and states as follows:

## JURSIDICTION AND VENUE

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested, and the Limitation Vessel is located within this District.

## STATEMENT OF FACTS

3. At all times material hereto, Limitation Petitioner MAD TOYZ III, LLC was and is the titled owner of the Limitation Vessel.

4. At all times material hereto, Limitation Petitioner JEFFREY DAVID KNIGHT was and is the owner *pro hac vice* of the Limitation of the below described incident.

5. The Limitation Vessel is a 2018 38' Statement 380 Open Motorboat bearing HIN STTEB112L718, with other appurtenances.

6. At all material times hereto to the Limitation Petitioners' knowledge and belief, the Limitation Vessel was seaworthy.

7. On or about April 27, 2025, at approximately 8:40 p.m., the Limitation Petitioner was operating his Vessel near the Memorial Causeway Bridge in Clearwater, Florida on the Navigable Waters of the United States of America when the Limitation Vessel collided with the Clearwater Ferry, *Maddies Crossing.* ("Incident").

8. At the time of the Incident, the Vessel was on a recreational voyage, which ended after the incident.

2

Fowler White Burnett P.A. • 200 East Las Olas Boulevard, Suite 2000 – Penthouse B, Fort Lauderdale, FL 33301• (954) 377-8100

9. At the time of the Incident, the Clearwater Ferry was carrying in excess of 40 passengers.

10. As a result of the alleged incident, the following have, will, or may make claims for damages against Petitioners:

    a. Doris Blackwell

    b. Steven Whitehurst

    c. Stephanie Whitehurst

    d. Steven Whitehurst, Jr.

    e. Tatiana Roman

    f. Mya Fleming

    g. Sandy Beatriz Todd, Personal Representative of the Estate of Jose Castro

    h. Marcoantonio Pacheco Figueroa

    i. Brenda Alvaraz

    j. Aurora Pacheco-Alvarez (minor)

    k. Nicole Makelele

    l. Veronica Bertoldo, Individually and on behalf of her minor children V.B. (age 9), H.B. (age 6) and A.S. (age 5)

    m. John Zanella

    n. Ma Dolres Zanella

    o. Alexandria Martin

    p. Clearwater Ferry Services, LLC

    q. Joseph Bonga

11. There also may be additional claimants Petitioners are currently unaware of.

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

12. Nicole Makelele has filed suit in Pinellas Circuit Court, Case No. 25-002352-CI. Joseph Bonga has filed suit in Pinellas Circuit Court, Case No. 25-003864-CI. Stephanie Whitehurst, individually and on behalf of Mya Fleming, Stephen Whitehurst, Jr., Tatiana Roman, Stephen Whitehurst, Sr., and Doris Blackwell also filed suit in Pinellas Circuit Court: Case Nos. 25-003455-CI; 25-003451-CI; and 25-003452-CI. Petitioners are currently unaware of any other lawsuits, actions or proceedings that are pending which arise from the above-referenced incident.

13. The Limitation Vessel was damaged as a result of the Incident.

14. The value of the Limitation Vessel at the end of the voyage has been estimated by a marine surveyor to be $270,000.00.

15. The Limitation Vessel had no pending freight at the time of the Incident.

16. The incident occurred on or about April 27, 2025. Accordingly, this Petition is timely.

**COUNT I: CLAIM FOR EXONERATION OF LIABILITY BY MAD TOYZ III, LLC**

17. The Limitation Petitioner MAD TOYZ re-alleges and re-avers each of the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. At all material times prior to the Incident referenced above, the Limitation Vessel was, as far as MAD TOYZ knew or reasonably should have known, seaworthy, properly maintained, manned, equipped, supplied and fit and safe for her intended purpose.

19. The Incident referenced above was occasioned and incurred without MAD TOYZ' privity or knowledge and without any negligence on the part of MAD TOYZ.

20. MAD TOYZ claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any property loss, property damage, personal injury or death arising out of the aforementioned Incident.

21. All injuries/death and damages caused thereby or otherwise incurred were not due to any fault, negligence, or lack of due care on the part of MAD TOYZ nor were any injuries, death, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Any injuries, death, losses, and damages incurred during or arising from the aforementioned Incident was due solely to and caused solely by the negligence of others for whom the Limitation Petitioner was not and is not responsible. Specifically, the Clearwater Ferry was wholly at fault.

22. The Clearwater Ferry lacked appropriate navigation lights (including a stern light and side lights) as required by U.S. Coast Guard regulations, and is therefore presumptively at fault pursuant to *The Pennsylvania*, 86 U.S. 125 (1874). Additionally, upon information and belief, the ferry was overloaded, and the ferry Captain failed to exercise reasonable care by, amongst other things, failing to blow the Vessel's whistle or horn upon seeing the Limitation Vessel approaching, lacking an appropriate lookout, and travelling unreasonably slow in the channel at night with no lights.

23. Accordingly, MAD TOYZ is entitled to exoneration from liability, and for such other relief as the Court deems appropriate.

## COUNT II: CLAIM FOR EXONERATION OF LIABILITY BY JEFFREY DAVID KNIGHT

24. The Limitation Petitioner KNIGHT re-alleges and re-avers each of the allegations contained in paragraphs 1-16 above as if fully set forth herein.

25. At all material times prior to the Incident referenced above, the Limitation Vessel was, as far as KNIGHT knew or reasonably should have known, seaworthy, properly maintained, manned, equipped, supplied and fit and safe for her intended purpose.

26. The Incident referenced above was occasioned and incurred without KNIGHT's privity or knowledge and without any negligence on the part of KNIGHT.

5

27. KNIGHT claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any property loss, property damage, personal injury or death arising out of the aforementioned Incident.

28. All injuries/death and damages caused thereby or otherwise incurred were not due to any fault, negligence, or lack of due care on the part of KINGHT nor were any injuries, death, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Any injuries, death, losses, and damages incurred during or arising from the aforementioned Incident was due solely to and caused solely by the negligence of others for whom the Limitation Petitioner was not and is not responsible. Specifically, the Clearwater Ferry was wholly at fault.

29. The Clearwater Ferry lacked appropriate navigation lights (including a stern light and side lights) as required by U.S. Coast Guard regulations, and is therefore presumptively at fault pursuant to *The Pennsylvania*, 86 U.S. 125 (1874). Additionally, upon information and belief, the ferry was overloaded, and the ferry Captain failed to exercise reasonable care by, amongst other things, failing to blow the Vessel's whistle or horn upon seeing the Limitation Vessel approaching, lacking an appropriate lookout, and travelling unreasonably slow in the channel at night with no lights.

30. Accordingly, KNIGHT as *owner pro hac vice* is entitled to exoneration from liability, and for such other relief as the Court deems appropriate.

**COUNT III: CLAIM FOR LIMITATION OF LIABILITY BY MAD TOYZ III, LLC**

31. The Limitation Petitioner MAD TOYZ re-alleges and re-avers each of the allegations contained in paragraphs 1-16 above as if fully set forth herein.

32. Pursuant to 46 U.S.C. §§ 30505 and 30511, MAD TOYZ, in the alternative, is entitled to limitation to the amount or value of the interest of Petitioner, Knight, in the Vessel

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

following the incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of MAD TOYZ within the meaning of 46 U.S.C. § 30505.

33. The Vessel was within the jurisdiction of this Court at the time of the Incident.

34. MAD TOYZ avers the value of the Vessel at the time of the Incident is no more than Two-Hundred Seventy Thousand Dollars ($270,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs to be filed with this Court.

WHEREFORE, Petitioner, MAD TOYZ, prays:

    a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

    b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

    c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

    d. This Honorable Court adjudge and decree:

7

> i. That MAD TOYZ is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or
>
> ii. That if MAD TOYZ shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Jeffry Knight of all further liability;
>
> iii. That MAD TOYZ may have such other and further relief as this Court deems just and proper.

## COUNT IV: CLAIM FOR LIMITATION OF LIABILITY BY JEFFREY DAVID KNIGHT

35. The Limitation Petitioner KNIGHT re-alleges and re-avers each of the allegations contained in paragraphs 1-16 above as if fully set forth herein.

36. Pursuant to 46 U.S.C. §§ 30505 and 30511, KNIGHT, in the alternative, is entitled to limitation to the amount or value of the interest of Petitioner, KNIGHT, in the Vessel following the incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of KNIGHT within the meaning of 46 U.S.C. § 30505.

37. The Vessel was within the jurisdiction of this Court at the time of the Incident.

38. KNIGHT avers the value of the Vessel at the time of the Incident is no more than Two-Hundred Seventy Thousand Dollars ($270,000.00) as reflected in the Ad Interim Stipulation of Value and Stipulation for Costs to be filed with this Court.

WHEREFORE, Petitioner, KNIGHT, prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

i. That KNIGHT is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or

ii. That if KNIGHT shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Jeffry Knight of all further liability;

FOWLER WHITE BURNETT P.A. • 200 EAST LAS OLAS BOULEVARD, SUITE 2000 – PENTHOUSE B, FORT LAUDERDALE, FL 33301• (954) 377-8100

      iii.      That KNIGHT may have such other and further relief as this Court deems just and proper.

Dated: July 21, 2025

                              Respectfully submitted,

                              /s/ Adam B. Cooke
                              Adam B. Cooke
                              Fla. Bar No. 634182
                              Email: acooke@fowler-white.com

                              FOWLER WHITE BURNETT, P.A.
                              200 East Las Olas Boulevard
                              Suite 2000 - Penthouse B
                              Fort Lauderdale, Florida 33301
                              Telephone:   (954) 377-8100
                              Facsimile:    (954) 377-8101